UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CALVIN FITZGERALD TANNEHILL, } | |
| } | |
| Petitioner, } | |
| } | |
| v. } | Case No.: 2:16-cv-08085-RDP |
| } | (2:07-cr-00115-RDP-SGC) |
| UNITED STATES OF AMERICA, } | |
| } | |
| Respondent. } | |

**MEMORANDUM OPINION**

Before the court is the Motion to Vacate, Set Aside, or Correct Sentence filed by Petitioner Calvin Fitzgerald Tannehill ("Petitioner" or "Tannehill") on June 23, 2016, pursuant to 28 U.S.C. § 2255. (Case No. 2:16-cv-08085-RDP, Doc. # 1). The Motion has been fully briefed.[1] (Case No. 2:16-cv-08085-RDP, Docs. # 1, 7, 10). After careful review, and for the reasons discussed below, Petitioner's Motion is due to be dismissed with prejudice.

**I.    Factual Background and Procedural History**

On March 15, 2007, agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives executed a search warrant on Tannehill's residence and discovered several guns, ammunition, digital scales with cocaine residue on them, and over eleven grams of crack cocaine. (Case No. 2:07-cr-00115-RDP-SGC-1, Doc. # 41 at 2). On July 25, 2007, a jury convicted Tannehill of the following federal offenses: (1) felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1), ("Count One"); (2) possession with the intent to distribute

---

[1] Petitioner has also filed supplemental authorities to support his Motion. (Case No. 2:16-cv-08085-RDP, Docs. # 11, 13, 18, 19, 21).

five grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), ("Count Two"); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), ("Count Three"). (*See* Case No. 2:07-cr-00115-RDP-SGC-1, Doc. # 48). Because Tannehill had previously been convicted of "seven violent felonies" (four burglary convictions and three escape convictions), he was considered an armed career criminal, and Count One was enhanced under 18 U.S.C. § 924(e)(1). (Case No. 2:07-cr-00115-RDP-SGC-1, Doc. # 59 at ¶ 26). Ultimately, the court sentenced Tannehill to be imprisoned for 235 months as to Counts One and Two, to run concurrently with each other, and for 60 months as to Count Three, to run consecutively with the sentences in Counts One and Two. (Case No. 2:07-cr-00115-RDP-SGC-1, Doc. # 61).

Tannehill appealed to the United States Court of Appeals for the Eleventh Circuit. (*See* Case No. 2:07-cr-00115-RDP-SGC-1, Docs. # 64-66). The Eleventh Circuit affirmed Tannehill's convictions on December 30, 2008. *United States v. Tannehill*, 305 Fed. App'x 612 (11th Cir. 2008). Tannehill did not seek certiorari review in the Supreme Court. On February 25, 2009, Tannehill filed a *pro se* motion in this court pursuant to 18 U.S.C. § 3582(c), seeking application of an amendment to the sentencing guidelines. (Case No. 2:07-cr-00115-RDP-SGC-1, Doc. # 81). The court denied that motion. (Case No. 2:07-cr-00115-RDP-SGC-1, Docs. # 86, 87). The Eleventh Circuit affirmed the denial of the § 3582(c) motion. *United States v. Tannehill*, 344 Fed. App'x 576 (11th Cir. 2009).

On March 16, 2009, Tannehill filed a motion to vacate his federal sentence pursuant to 28 U.S.C. § 2255. (Case No. 2:09-cv-08008-RDP-PWG, Docs. # 1, 3). That motion was denied on March 28, 2012. (Case No. 2:09-cv-08008-RDP-PWG, Docs. # 41, 42). Tannehill sought review of that decision, but the Eleventh Circuit twice denied Tannehill a Certificate of

Appealability. (Case No. 2:09-cv-08008-RDP-PWG, Docs. # 54, 67). On January 8, 2015, Tannehill moved to reopen his § 2255 proceeding, and that motion was later denied. (Case No. 2:09-cv-08008-RDP-PWG, Docs. # 68, 71).

On April 14, 2016, Tannehill filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2255(e). (Case No. 2:16-cv-8026-RDP, Doc. # 1). After Tannehill moved to withdraw that petition, the court dismissed it without prejudice and suggested that Tannehill contact the Eleventh Circuit to inquire about an application to file a second or successive § 2255 motion. (Case No. 2:16-cv-8026-RDP, Docs. # 2, 3). On July 6, 2016, the Eleventh Circuit authorized this pending § 2255 Motion, which Tannehill filed on June 23, 2016. (Case No. 2:16-cv-08085-RDP, Docs. # 1, 2).

## II. Jurisdiction

The instant Motion is a successive § 2255 petition. A second or successive motion under 28 U.S.C. § 2255 "must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255. Section 2244 provides that "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent an order from the court of appeals authorizing the consideration of the application, "the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F. 3d 1211, 1216 (11th Cir. 2003); *see also United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). Here, The Eleventh Circuit has authorized Petitioner to file this successive § 2255 Motion. (Case No. 2:16-cv-08085-RDP, Doc. # 2). Accordingly, this court has jurisdiction to consider Petitioner's Motion.

**III.    Analysis**

A federal prisoner may file a motion to vacate his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In *Johnson v. United States*, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates the Fifth Amendment's guarantee of due process because the residual clause is unconstitutionally vague. 135 S. Ct. 2551, 2563 (2015). This ruling applies retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). *Johnson* did not affect the enumerated offenses clause and the elements clause of the ACCA. *See generally* 135 S. Ct. 2551; *see also Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017) (noting that the enumerated offense clause and the elements clause were not called into question by *Johnson*).

**A.    Petitioner Has Not Presented a *Johnson* Claim**

"To prove a Johnson claim, a movant must establish that his sentence enhancement 'turn[ed] on the validity of the residual clause.'" *Beeman*, 871 F.3d at 1221. A *Johnson* violation only occurs if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause. *Id.* When explaining a petitioner's burden of proving that his sentencing enhancement was imposed because the sentencing court used the residual clause, the Eleventh Circuit explained:

> To prove a Johnson claim, the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence. If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the

> enhancement, then the movant has failed to show that his
> enhancement was due to use of the residual clause.

*Id.* at 1221-22. In this case, Petitioner's claim is not a *Johnson* claim because there is no evidence (and, in fact, there is evidence to the contrary) that the sentencing court relied on the residual clause of the ACCA in enhancing his sentence.

Petitioner was sentenced as an armed career criminal based on the elements and enumerated offenses clauses of the ACCA, without a single mention of the ACCA's residual clause. (*See* Case No. 2:07-cr-00115-RDP-SGC-1, Doc. # 59 at 8-25). In outlining his criminal history, Tannehill's Presentence Investigation Report ("PSR") notes each violent felony offense necessary for application of the enhanced penalties at 18 U.S.C. § 924(e)(1). (*See* Case No. 2:07-cr-00115-RDP-SGC-1, Doc. # 59 at 8-25). Specifically, the PSR indicates the language in § 924(e)(2)(B) that describes each of these burglary and escape[2] convictions as a "violent felony." (*See id.*). The burglary convictions were listed under both the "elements clause" and the "enumerated-offense clause" of § 924(e)(2)(B). (*Id.* at ¶¶ 42-44, 46) ("This conviction meets the criteria for 'violent felony' within the meaning of 18 U.S.C. § 924(e)(2)(B)(i) and (ii) because it is a crime punishable by imprisonment for a term exceeding one year; it was committed on an occasion different from others . . . ; and it has an element the use, attempted use, or threatened use of physical force against the person of another; and it is a burglary."). Accordingly, the PSR stated that each of the four burglaries qualified as a predicate felony under the elements clause and the enumerated offense clause, not the residual clause. (*See id.*).

---

[2] The escape convictions were listed under the "elements clause" of § 924(e)(2)(B). (*Id.* at ¶¶ 40, 45, 52) ("This conviction meets the criteria for 'violent felony' within the meaning of 18 U.S.C. § 924(e)(2)(B)(i) because it is a crime punishable by imprisonment for a term exceeding one year; it was committed on an occasion different from others . . . ; and it has an element the use, attempted use, or threatened use of physical force against the person of another."). The court need not explore whether Tannehill's three escape convictions remain predicate felonies under the ACCA because, even in their absence, Tannehill had four burglary convictions that qualified him as an armed career criminal based on the factual descriptions in the PSR.

5

Furthermore, nothing in the record indicates that this court considered the ACCA's residual clause in relation to Tannehill's prior burglary convictions during his sentencing.

As the Eleventh Circuit concluded in *Beeman*, Petitioner bears the burden of proving that the use of the residual clause led the sentencing court to enhance his sentence. *See* 871 F.3d at 1221-22. Petitioner contends that, despite the clear invocation of the elements clause and the enumerated offenses clause of the ACCA in the PSR, the sentencing court relied on the residual clause when it enhanced his sentence. (*See* Case No. 2:16-cv-08085-RDP, Docs. # 1, 10). However, Petitioner has not offered any evidence showing that at sentencing the court relied on the residual clause when it enhanced Petitioner's sentence. At most, Petitioner has established that it is just as likely the sentencing court was relying on the elements and enumerated offenses clauses as it was relying on the residual clause, in which case Petitioner has failed to meet his burden. *See Beeman*, 871 F.3d at 1222.

Ultimately, Petitioner's claim amounts to a challenge to the underlying finding of the sentencing court that he was an armed career criminal subject to the elements clause and enumerated offenses clause of the ACCA.[3] Citing to *Descamps v. United States*, 570 U.S. 254 (2013), Petitioner argues that the Pennsylvania burglary statute under which he was sentenced is broader than the general definition of burglary. (*See* Case No. 2:16-cv-08085-RDP, Docs. # 1, 10). The court need not explore whether this argument holds merit because Tannehill's burglary convictions were not listed under the residual clause, and this argument does not present a *Johnson* claim. *See Beeman*, 871 F.3d at 1221. Thus, as explained in more detail below, this argument is untimely. *See* 28 U.S.C. § 2255(f). Petitioner failed to raise this claim on direct appeal and has, therefore, defaulted any claim based on the underlying findings of the sentencing

---

[3] Notably, although Tannehill filed objections to the PSR, he did not object to the characterization of his prior burglary convictions as violent felonies. (*See* Case No. 2:07-cr-00115-RDP-SGC-1, Doc. # 57).

court. *See McCoy v. United States*, 266 F.3d 1245, 1259 (11th Cir. 2001). Petitioner cannot use the Supreme Court's decision in *Johnson* to circumvent the applicable statute of limitations and bring a claim that is not tied to the new right recognized in *Johnson*.

**B.     Petitioner's Motion Is Time-Barred**

A § 2255 motion is subject to a one-year period of limitations. *See* 28 U.S.C. § 2255(f). Most commonly the limitations period runs from the date on which "the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). If a § 2255 motion is based on a newly-recognized right made retroactively applicable to cases on collateral review by the Supreme Court, the limitations period runs from the date on which the right asserted was initially recognized by the Supreme Court. *Id.* at § 2255(f)(3). Because Petitioner's claim is not properly based on the newly recognized right in *Johnson*, the applicable limitations period began to run on the date on which the judgment of conviction became final, December 30, 2008, and Petitioner had until December 30, 2009 to file a § 2255 motion. This motion was filed in June of 2016 (Doc. # 1); therefore, it is barred by the applicable one-year period of limitations. *See* 28 U.S.C. § 2255(f).

**IV.     Conclusion**

For these reasons, the court concludes that Petitioner's Motion is due to be dismissed with prejudice. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this April 24, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE